## Pasley et al. v. Hainline.

(Decided March 1, 1938.)

W. C. HAMILTON and JOHN J. WINN for appellants.

W. B. WHITE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On March 1, 1918, Mrs. Eddie Hainline conveyed to Thomas Pasley a certain 80 acres of land on Lulbegrud creek in Montgomery county, and a strip 18 feet wide and 2,910 feet long, which had been conveyed to her in fee by Raymond Knox in May, 1917. There was also included in the deed a passway identified as having been reserved in a deed from Sherman See to John Davis, recorded in a certain deed book. The consideration was $3,000, of which $1,000 was evidenced by a note "due and payable one year after date." But this condition was incorporated in the deed:

> "The note named herein is not to be negotiated or payable until all questions as to the passway above described and over the lands of John Lee Faulkner are determined and settled, the intention of the parties being to give to second party a good and unquestionable title to said passway and free from the claims of all persons whomsoever."

The note itself was similarly conditioned.

On February 23, 1929, Pasley conveyed the property to Belvie Branham, who expressly assumed the payment of the note. Interest was paid until March, 1932. Not long thereafter this suit was brought by Mrs. Hainline against Pasley and Branham to collect the note and enforce the lien securing it. William Murphy, present owner of the Faulkner lands referred to in the deed, was made a defendant, and upon suitable allegations it was prayed that the passway mentioned in the above deeds be declared to be "valid and subsisting and a rightful passway" over the Murphy 5-acre tract. This passway was claimed by prescription as well as by reason of the so-called reservation in the deed from See to Davis. Issues were joined as to its existence. The defendants Pasley and Branham maintained that the terms and conditions of payment of the $1,000 note had not been met or established, and that they were there-

fore relieved of its payment. The defendant Murphy maintained that there was no such passway over his land, and he asked that it be so adjudged. Upon considerable evidence the court decided all of the issues in favor of the plaintiff, and the several defendants appeal.

Mrs. Hainline's land is a quarter of a mile or more east of the Levee pike. It was formerly known as the "Kennedy farm," and was later owned by Bowen, and perhaps others, before the husband of the plaintiff, who devised it to her, acquired it. Access to the pike has been over the strip of land conveyed by Knox down to the parcel owned by Murphy; thence along its northern edge; thence on to a 4-acre tract now owned by Dillard Douglas; thence on his land along the creek southwardly; then west to the turnpike. It appears that before the purchase of the 18-foot strip from Knox, the passway for a substantial distance was over the adjoining land, but because it had become or was very rough, this strip was acquired in substitution. However, the change in no way affected the claim or the use of a passway over the Murphy parcel, for the old and new ways came together before it was reached.

The deed from See to Davis, made in 1912, conveys this Murphy parcel and excludes the passway in question in this inapt language:

"There is reserved for William Bowen lands a private passway to his lands east of the lands conveyed and said passway is not transferred by this deed."

The Knox land from which the 18-foot strip was sold and also the plaintiff's land were then embraced in the William Bowen lands mentioned. This is the same passway mentioned in Mrs. Hainline's deed to Pasley.

By a great many witnesses, including Dillard Douglas, it was clearly and convincingly proved, as we think, that there has existed a passway over this land for more than 50 years. If it has not, then this Hainline property, upon which the old Kennedy residence is situated, was hemmed in and was not accessible from the Levee pike or any other road. Murphy testified that he has a passway over the 18-foot strip to land which he now owns east and north of his 5-acre parcel, and then a passway from it across the Douglas tract to the road. He, therefore, concedes that there is a passway, as the

appellee claims, except over his land. That is, travelers may come to his place from either the west or the east, but cannot cross it because of the hiatus which his property forms.

The defendants introduced a number of witnesses who undertook to say there has never been a passway over this property and that in their travels over this route they always obtained permission from the owner of the Murphy parcel. It appears that many years ago, when Hon. E. C. O'Rear was county judge of Montgomery county, William Bowen had some difficulty with Tom Douglas, who owned another tract on this passway, and Bowen locked a gate on it. Douglas went to Judge O'Rear with his trouble and he was advised to unlock or remove the gate and proceed to use the passway. We gather that Bowen also consulted Judge O'Rear and accepted his advice that Douglas had the right to use this property. At any rate, it was closed for only a day or so, and there is no evidence that thereafter it was in any way obstructed or any objection to its use ever entered. However, this incident appears to have formed the basis of a neighborhood doubt that there was in fact a legal right here, and to have afforded the shadow upon which much of the testimony introduced by the appellant rests. The scrivener of the deed from Mrs. Hainline to Pasley is her nephew. He was then county clerk and attended to her business. His testimony is to the effect that he wanted Pasley to be assured that he was getting a good passway and to have the question definitely settled before he was required to pay for the land in full. An explanation as to the apparently anomalous position taken by the appellant Branham, now the owner of the Hainline land, that he has no passway over the Murphy parcel, and, therefore, desires it to be so adjudged, is that he and his sister own an adjoining tract over which he may and does have an outlet. So the release from the payment of the $1,000 note and six years' interest is worth more to him than the declaration of the right to the passway.

The passway law is well settled, though difficulty is sometimes encountered in its application to confusing or conflicting evidence. Important phases of the law are stated in Cox v. Blaydes, 246 Ky. 121, 54 S. W. (2d) 622. Pertinent to the evidence in this case are the statements that the use of a passway, uninterrupted for 15

years or more, casts upon the owner of the servient estate the burden of showing that the use has been permissive and not as a matter of right, and that slight evidence is sufficient to show that it was as a matter of right when the use has extended over a long period of years. A distinction is recognized as between uninclosed woodland and cleared land close to or contiguous to a residence and barn, the presumption of legal right being stronger under the latter conditions. This passway runs over cleared land and close to the Murphy house. Wray v. Brown, 155 Ky. 757, 160 S. W. 488; Davidson v. Nantz, 177 Ky. 50, 197 S. W. 520; Barnett v. Toole, 253 Ky. 198, 69 S. W. (2d) 378.

We concur in the judgment that the appellee has a valid passway as contemplated by her deed to Pasley, and, since the conditions upon which the note was to become payable have been established, that the court properly gave judgment for its collection.

Judgment affirmed.