KATHRYN S. KAMMERZELL and EDDIE ADOLPH KAMMERZELL,

*Plaintiffs and Appellants,*

vs.

ADAM ANDERSON and EDNA ANDERSON,

*Defendants and Respondents.*

(No. 2528; 240 Pac. (2d) 893; February 19, 1952)

For the plaintiffs and appellants the cause was submitted upon the brief and also oral argument of James Munro of Sheridan, Wyoming.

For the defendants and respondents the cause was submitted upon the brief and also oral argument of Henry A. Burgess of Sheridan, Wyoming.

OPINION

ILSLEY, Justice.

This is a case involving a common driveway constructed between the lots belonging to the plaintiffs on the one hand and the defendants on the other. Plaintiffs sought to enjoin defendants from obstructing this driveway by means of a fence constructed upon the property line and for damages of $500.00. Plaintiffs acquired their lot, which was improved by a dwelling house, in 1932. At that time there was located at the rear of the premises a double garage on the property line so that one half of the garage was on plaintiffs' lot and the other half on defendants' lot which was acquired by them in 1948. Access to the garage was provided by this common driveway consisting of two cement strips, each about two feet in width and spaced seven feet apart, which commenced at the sidewalk and continued back to within a few feet of the garage at which point they branched off, one pair leading to plaintiffs' part of the garage and the other pair leading to defendants' garage. The record shows that the cost to the predecessors in interest of the parties to this suit was $40.00 for the driveway, which driveway was not created by any deed or instrument in writing. The property line of both lots runs approximately midway between the two strips of concrete. Access to both garages can also be had from the rear. The driveway was used by both parties and others, since before 1932. In July, 1950 defendants erected a fence on the property line midway between the cement strips, using one of the cement strips and constructing another so that a new driveway was installed on defendants' own property. This had the effect of leaving one strip to plaintiffs and stopping their use of the common driveway. There is sufficient room between the erected fence and plaintiffs' dwelling to construct another cement strip for another driveway

giving plaintiffs access to their garage. This would cost about $200.00 . Defendant Adam Anderson when asked if this was a common driveway when he bought the place stated he didn't know anything about it; admitted he used it and would still use it if plaintiffs had not prevented. A short time before the fence was erected Mrs. Kammerzell placed wooden blocks and pieces of broken glass on or near the cement strips located on her property.

Plaintiffs Kammerzell contend that the common driveway is an easement by prescription having been used as such for the statutory period. Defendants, the Andersons, contend that the use of the driveway was permissive only by mutual agreement and by way of neighborly accommodation. Trial was had to the court and judgment rendered for defendant dismissing the action. From which this appeal is taken.

The encumbrance of another's property by an easement obtained through a title by prescription is a serious thing. Much has been written on the subject and an analysis of the cases indicate that as the facts in each case vary so also does the remedy.

This court has considered the rights acquired by parol consent of a landowner and in Gustin vs. Harting 20 Wyo. 1, 121 Pac. 522, 33 Ann. Cas. 1914C, 911 stated, the actual and continuous use of an easement, as of right, for the period of limitation for bringing an action to dispossess the claimant, creates the presumption of a grant. But it must be remembered that where there are facts presented then presumptions must give way.

"* * * Accordingly, courts will not define presumptions in such a manner as to imply superiority over established facts. Where facts appear, presumptions recede. Thus, the necessity for resorting to presumptions disappears where there is direct and positive evi-

dence upon the matter in issue. * * *" 20 Am. Jur. 163.

Again in Gustin vs. Harting, supra, "The right acquired by the parol consent of a landowner to the building of a flume upon his land, will not ripen into a title by prescription, no matter how long continued, if the right so given was and remained merely permissive so as to be revocable at any time by the landowner; but when such parol consent has been given to use the land as if legally conveyed, the use will then be as of right, which, if continued for the requisite period, may develop into a prescriptive right."

In discussing the revocability of a parol license in the Gustin vs. Harting case 20 Wyo. 1, 21, 121 Pac. 522, 33 Ann. Cas. 1914C, 911 this court took occasion to say "There is much conflict in the decisions respecting the revocability of an executed parol license where the licensee has expended money upon the faith of the license. The authorities on the subject were exhaustively discussed in Metcalf vs. Hart, 3 Wyo. 514, which was an action for specific performance involving a license to erect a building upon land of the defendant, and the conclusion was reached that it is impossible to lay down a general rule enforceable in all cases, but that a license by parol when executed and after expenditures have been made may or may not be revocable, depending upon the circumstances; and that where the circumstances are such that a revocation would amount to actual or constructive fraud, equity will afford relief to prevent such revocation."

As was stated in Allen vs. Lewis 26 Wyo. 85, 114, 177 P. 433, "A possession by permission or license from the owner is not adverse and cannot ripen into title, no matter how long continued or however exclusive it may be. The possession of the occupant under such circumstances is considered as the possession of him upon whose pleasure it continues."

In Forde vs. Libby 22 Wyo. 464, 143 P. 1190 where there had been a parol agreement entered into by several owners of adjoining lots to set aside a strip on the dividing line as a private alley. The owners built their building accordingly and the question arose as to whether or not the license was revocable. This court held it could not be revoked stating, at P. 474:

"Defendants contend that at most this oral agreement with reference to establishing the private way was a revocable license. We deem it unnecessary in the view we take of this case to enter into a lengthy discussion as to the difference between a parol license which may be revoked at will and an easement other than to say that it has been held by this court in Gustin vs. Harting 20 Wyo. 1, 121 P. 522, 33 Ann. Cas. 1914, C, 911, that a parol license may ripen into an easement when the licensee has expended money and the license has become executed."

Cases are cited holding that each owner, by use of a driveway, is continuously asserting an adverse right in the portion of the way on the other's lot. And from such use for a prescriptive period of years, the law raises a presumption of the grant of an easement.

This is the subject of an annotation to the case of Johnson vs. Whelan 171 Okla. 243, 42 P. 2nd 882, 98 A.L.R. 1096. However it will be observed in that case when the defendant built an additional strip on her side and threatened to construct a fence along the lot line, it would have left insufficient room for a driveway between the house of the plaintiffs and the property line. In the instant case sufficient room is left for these plaintiffs to have a driveway accessable to their garage. The cases set forth in the annotation can be analyzed at leisure.

From what has been said in the Wyoming cases re-

ferred to herein and our observation from an analysis of other cases cited in the briefs submitted we think the question as to whether or not the use of the driveway was under a claim of right, ripening into an easement by prescription or was used as a mere neighborly accommodation, for friendly mutual convenience by acts of common neighborliness, is a question of fact to be determined by the trial court in the light of the relation of the parties, their conduct, the situation of the property, and all the surrounding circumstances. Keeping in mind of course, whether it would be unjust and equivalent to a fraud to permit a revocation of the right to use the driveway.

This court in the recent case of Coumas vs. Transcontinental Garage Wyo. 230 P. 2nd 748 discussed the principles governing the case of a parol license to use a part of the real estate of another and whether or not such a license becomes irrevocable. While this case involved an easement in a party wall, the principles of law are similar to those involved in this driveway. This case discusses Metcalf vs. Hart 3 Wyo. 514 as well as Gustin vs. Harting 20 Wyo. 1 and Forde vs. Libby 22 Wyo. 464 in which the rule "that one acting under a license in good faith has incurred expense in the execution of it by making valuable improvements, it is regarded in equity as an executed contract and substantially an easement, the revocation of which would be a fraud on the licensee, and therefore the licensor is estopped to revoke it." Judge Blume in the opinion not only reviews the Wyoming cases but he exhaustively discusses many cases from other jurisdictions. The court goes on to say, with respect to the decisions of the Wyoming cases discussed in the Coumas case that what has been said "does not mean that all licenses followed by expenditure of money or labor result in the irrevocability thereof or that the same relief will be given in all cases. It has been said that each case depends on the nature of the

license and other circumstances and on whether a revocation in a given case would amount to a fraud on the rights of the licensee."

In the instant case we cannot say that a revocation of the right to use the driveway would amount to a fraud on the Kammerzells. The amount expended for the cement strips by the predecessors in interest of the parties herein was small, some $20.00 for each parties' improvement. Room is left, as well as one strip, for a driveway, making Kammerzells' garage accessable. The trial court had the witnesses before it, could observe their demeanor and was in a position to better judge their credibility. See Eblen vs. Eblen Wyo. 234 Pac. 2nd 434, 437 and cases therein cited. We are of the opinion that the use of the driveway was one of neighborly accommodation. As was said by the Supreme Court of South Dakota in First Church of Christ Scientist vs. Revell 2 N.W. 2nd 674, 68 S. D. 377, "To hold otherwise would be to adjudge that common neighborliness may only be indulged under penalty of encumbering one's property."

We do not believe that the use was adverse. We therefore conclude that the Kammerzells did not acquire an easement in the Andersons' property. Judgment of the trial court is affirmed.

*Affirmed.*

BLUME, C.J., and RINER, J. concur.