500 P.2d 170 (1972)
BOULDER MEDICAL ARTS, INC., a Colorado corporation, Plaintiff-Appellee,
v.
Warren W. WALDRON and Mary E. Waldron, Defendants-Appellants.
No. 71-111.
Colorado Court of Appeals, Div. I.
August 15, 1972.
*171 Martin, Knapple & Johnson, Robert C. Knapple, Boulder, for plaintiff-appellee.
Flowers & Creamer, Clifton A. Flowers, Denver, for defendants-appellants.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an appeal from a decree and judgment in favor of plaintiff, Boulder Medical Arts, Inc., (Medical Arts) in which a public highwayor alleywas declared to exist over the north ten feet of land owned by defendants, Mr. and Mrs. Waldron (Waldrons), in Boulder, Colorado. The decree also permanently enjoined interference with the use of the alley by the public.
The easement was asserted to exist under the following provisions of C.R.S.1963, 120-1-1:
"The following are hereby declared to be public highways:
* * * * * *
"(3) All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years."
In this appeal the Waldrons assert that the judgment should be reversed because the use was not shown to be adverse, but was, in fact, permissive. We do not agree, and affirm the judgment.
The evidence disclosed that the alley runs in an east-west course along the north edge of the Waldrons' land, extending west to 10th Street, which street is approximately 200 feet west of the west boundary of Waldrons' land. The Waldrons acquired title in 1946. Medical Arts owns the property to the north of that owned by the Waldrons. According to the evidence, their lands are separated by a strip of land ten feet wide which, apparently because of a surveying error, was not included in the land owned by either of the parties.
It is undisputed that, for several years prior to 1946 and at all times subsequent thereto, the area which included this ten foot strip and the north ten feet of the Waldrons' land, and that of their neighbors, was used by members of the public for foot and vehicular traffic without interruption or objection. Further, it is undisputed that the line of the alleyway has been certain and definite from before 1946 to the present. In 1954 the Waldrons built a fence along the south line of the ten foot strip. Mr. Waldron testified that this was done in order to conform with the fences of his neighbors between 10th Street and his land.
The only issue here is whether the use was adverse or permissive. In Shively v. *172 Board of County Commissioners, 159 Colo. 353, 411 P.2d 782, the Supreme Court stated,
"When testing the sufficiency of the evidence to support a finding of title by prescription the party asserting the same is aided by a presumption that the character of the use is adverse where such use is shown to have been made for a prescribed period of time. [citing cases] The rule is no different with respect to presumptive rights gained by the public under the statute herein cited. [C.R.S. 1963, 120-1-1(3)]."
The presumption is, of course, rebuttable, and when the presumption arose from the facts established in the instant case, it became incumbent on the Waldrons to overcome the presumption. Martino v. Fleenor, 148 Colo. 136, 365 P.2d 247. This the Waldrons failed to do. They rely primarily on the fact that no one affirmatively asserted to them a claim of right to use the alleyway. However, there is no testimony that anyone who used the roadway sought, obtained, or was given consent to use it.
The failure to interrupt or object to the public use of the alleyway for over twenty years cannot, without more, be equated to permissive use. Were this the case, the statute would be rendered meaningless since it requires that the use be both adverse and without objection.
The Waldrons rely on Starr v. People, 17 Colo. 458, 30 P. 64, which set forth certain criteria to establish a public highway by prescription. Among these were acts by the owner which evidenced an intent to set apart the land for public use as a road, or such conduct on his part as would estop him from denying such intention. Here the Waldrons built a fence along the south boundary of the asserted right of way thus setting apart the alleyway from the rest of their land in conformance with the existing line of fences set up by their neighbors.
The finding of the trial court was supported by the evidence. Under such circumstances, all presumptions are in favor of the trial court's findings, and the record should be reviewed in the light most favorable to the successful party. Allen v. First National Bank, 120 Colo. 275, 208 P. 2d 935.
Since we perceive no error, the judgment is affirmed.
DWYER and PIERCE, JJ., concur.