**Enoch SANDERS and Marian M. Sanders and Carol Ann Sanders, and the unknown claimants to the premises hereinafter described, Appellants (Defendants),**

v.

**Ron LIDLE and Judith Suzanne Dodds Lidle, Appellees (Plaintiffs).**

No. 83–144.

Supreme Court of Wyoming.

Jan. 19, 1984.

Sky D Phifer of Phifer & Phifer, Lander, for appellants.

Richard D. Gist and Richard Kraemer, Lander, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

BROWN, Justice.

In an action to quiet title, based on adverse possession, the trial court granted appellees' motion for a summary judgment, and appellants appealed.

We will affirm.

Appellants designate the issues as whether the trial court correctly held that appellees established the necessary elements of adverse possession to the land in dispute, and whether the trial court committed reversible error in considering the depositions of appellants, taken in a separate court proceeding, when the depositions had not yet been filed.

Appellants Enoch Sanders, Marian Sanders and Carol Ann Sanders, and appellees, Ron Lidle and Judith Dodds Lidle, are adjoining land owners in Fremont County. Appellees acquired title to their property through Mrs. Lidle's father, A. Harry Dodds, who died in 1975. Dodds acquired a part interest in this property in 1944 and the entire interest in 1946. Appellants acquired title to their property in 1966. In 1981 appellees had their property surveyed and discovered that the boundary fence between the two properties was not on the survey line, and that a small portion of the land described in appellants' deed was enclosed by appellees' fence. According to undisputed affidavits this boundary fence between the two properties had been in existence since at least 1944.

In support of their motion for a summary judgment appellees set out in several affidavits the circumstances under which their predecessor in title possessed the disputed land from 1946 to 1964. These affidavits explain the details of actual, open, notorious, exclusive, and continuous possession of the disputed lands for a period in excess of the ten year statutory period required for adverse possession.[1] The affidavits further give the details of hostile possession and the adverse possessor's claim of right. These affidavits were not controverted.

"The elements of adverse possession consist of actual, open, notorious, exclusive and continuous possession of another's real property for the statutory period, which possession must be hostile, and under a claim of right or color of title. [Citation.]" *Rutar Farms and Livestock, Inc. v. Fuss,* Wyo., 651 P.2d 1129, 1132 (1982).

In an affidavit filed in opposition to appellees' motion for a summary judgment, appellant Enoch Sanders, said:

"1. That I acquired the property, as more fully set out on Exhibit 'A', in 1966, with Exhibit 'A' being a copy of the Warranty Deed by which I acquired possession and ownership.

"2. That Mr. A. Harry Dodds, never used, irrigated, hayed, nor grazed any livestock upon the property that is the subject of this lawsuit, which property is more fully set out in the Exhibits attached to Plaintiffs' Affidavits, from 1964 until his death in 1975.

---

1. "An action for the recovery of the title or possession of lands, tenements, hereditaments can only be brought within ten (10) years after the cause of such action accrues." § 1–3–103, W.S.1977.

"3. That from 1964 until 1981, continuously every year, I either used the property that is the subject of this lawsuit for summer grazing of my cattle or put up hay for myself.
* * * "

However, the affidavits of appellees show that any use made of the disputed land was with the permission of, and under the direction of Mr. Dodds, and later, appellee Judith Lidle. Nothing in appellants' affidavits denies this permissive use.

We understand appellants' contention to be that the statute governing an adverse possession action, § 1-3-103, W.S.1977, sets out two limitations. They contend first that the adverse possessor must possess the property of another adversely for ten years before a cause of action to quiet title matures. Second, they contend that the adverse possessor must bring an action within ten years after the cause of action matures or the statute bars the action. We disagree with the latter limitation suggested by appellants.

Appellants further contend that a person occupying land adversely must maintain adverse possession continuously up to the time suit is filed to quiet title, even after the ten year statutory period has run and the adverse possessor's cause of action has matured. Appellants claim, therefore, that appellees' suit must fail for two reasons:

1) That appellees have not possessed the disputed land adversely since 1964 although it was adversely possessed between 1946 and 1964; and

2) That appellees' cause of action matured before 1964, but they waited more than ten years after their cause of action matured to bring a lawsuit, and are therefore barred by § 1-3-103, supra.

We disagree. We have examined cases cited to us by appellants in support of their theory; however, we believe that the appellants have misconceived the adverse possession law. In our view, therefore,

these cases are not relevant and do not support the issues raised by appellants.

I

When we review the granting of a motion for summary judgment the record is examined in a light most favorable to the party opposing the motion. All favorable inferences from the facts contained in affidavits, exhibits and depositions are drawn in favor of the party opposing the motion. *Norman v. City of Gillette,* Wyo., 658 P.2d 697 (1983); and *Dubus v. Dresser Industries,* Wyo., 649 P.2d 198 (1982). The moving party has the burden of proving the absence of any genuine issue of material fact. *Mealey v. City of Laramie,* Wyo. 472 P.2d 787 (1970), cert. dismissed, 404 U.S. 931, 92 S.Ct. 282, 30 L.Ed.2d 245 (1971). Upon a showing that the movant is entitled to summary judgment, "The opposing party must come forward with competent evidence admissable at a trial showing that there are genuine issues of material fact." *Hyatt v. Big Horn School District No. 4,* Wyo., 636 P.2d 525, 528 (1981).

Considering the affidavits of Enoch Sanders, and the affidavits filed by appellees, it is undisputed that (1) A. Harry Dodds, appellees' predecessor in title, possessed the disputed property from October 28, 1946, until at least 1964; (2) the disputed property was enclosed by Dodds;[2] and (3) Dodds held this property adversely, that is, his possession was actual, open, notorious, exclusive, continuous, hostile and under a claim of right. Title to the disputed property, therefore, vested in Dodds on or about October 28, 1956. *Stryker v. Rasch,* 57 Wyo. 34, 112 P.2d 570, 136 A.L.R. 770 (1941). After title is vested it can only be divested by conveyance, descent or operation of law. *Meyer v. Ellis,* Wyo., 411 P.2d 338 (1966).

Appellee Judith Lidle acquired title to the disputed property by descent upon the death of her father, A. Harry Dodds, in 1975. After title of the disputed property

2. See *Kranenberg v. Meadowbrook Lodge, Inc.,* Wyo., 623 P.2d 1196 (1981); and *Shores v.* *Lindsey,* Wyo., 591 P.2d 895 (1979).

vested in Mr. Dodds in 1956, he could treat this property the same as any other real property that he owned.

According to Enoch Sanders' affidavit, Sanders used the disputed land from 1964 to 1981. However, as indicated, this use was with permission. Dodds could have been divested of his title by adverse possession, but appellants have never made this claim, and the affidavits do not support a contention they acquired title to the land in dispute by adversely possessing it.

 We hold that appellees are not barred by § 1–3–103, supra, because they did not bring their quiet title action within ten years after title vested. We further hold that possession by appellees need not be adverse up to the time a quiet title action is filed. Their title vested in 1956 and was not divested by conveyance or operation of law.

## II

 In appellants' second assignment of error they assert that it was reversible error for the trial court to consider the depositions of appellants because they had not been physically filed in the record with the motion for summary judgment in violation of Rule 56(c), Wyoming Rules of Civil Procedure. The depositions objected to were taken in connection with a case filed in June, 1981. That case was between the same parties and concerned the adverse possession of the same land involved here. It was dismissed, and in October, 1982, the action was refiled.

In appellees' motion for summary judgment they stated that they were relying upon the depositions taken in the first case to support their motion. We need not decide whether the depositions were improperly considered by the trial court because they were unnecessary to support the motion for summary judgment. The only thing included in the deposition of Mr. Sanders that was not in appellees' affida-

vits was the admission by Sanders that he used the disputed property with permission. Appellees' affidavits did state that Sanders' use was permissive. For purposes of the summary judgment, failure to deny permissive use, once it was stated in appellees' affidavits, had the legal effect of admitting permissive use. If appellants contend that the use was not permissive they had a legal duty to say so. *Harris v. Grizzle,* Wyo., 625 P.2d 747 (1981); Rule 56(c), W.R.C.P.

More importantly, as indicated in Part I of this opinion, title vested in A. Harry Dodds in 1956, and nothing happened after that time to divest title.[3]

Affirmed.

---

**3.** Appellants filed a counterclaim to quiet title; however, they did not claim title by adverse possession, but relied solely upon their deed to

the disputed land and the failure of appellants' claim of adverse possession.