**Ira E. KOONTZ and Velma A. Koontz,**
**Appellants (Defendants),**

v.

**TOWN OF SUPERIOR,**
**Appellee (Plaintiff).**

No. 87–25.

Supreme Court of Wyoming.

Dec. 15, 1987.

Jay Dee Schaefer of Schaefer & Newcomer, Laramie, for appellants.

Edward F. Hess of Dill & Hess, Jackson, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

CARDINE, Justice.

This appeal is from a summary judgment granting the town of Superior title by adverse possession to a street crossing two lots and isolating a third lot. Appellants contend (1) that as a matter of law, Wyoming municipalities cannot obtain by adverse possession an easement or title to private property for the purpose of establishing a public roadway, and (2) that it was error to grant summary judgment when issues of material fact must be determined.

We modify and affirm.

The town of Superior was organized in 1911. At some time thereafter, the Original Plat of the town of Superior was filed showing Division Street platted south of Lot 22, Block 12. Division Street is an extension of County Road 419, the historic road to Reliance and Winton, Wyoming. Ira and Velma Koontz, appellants, purchased fee title to Lots 20, 21 and 22, Block 12 in the Original Plat of the town of Superior in 1979. In 1980, as a result of a dispute with the town, not at issue here, appellants discovered that Division Street was located on Lots 20 and 21 instead of its

platted location south of Lot 22. Appellee claims that Division Street has existed in its present location since at least 1952, and possibly prior to the town's incorporation in 1911, and the street has been traveled continuously and in an open, notorious and adverse manner by the general public since at least 1952 and until 1984 when the Koontzes blocked passage with a mobile home.

On October 9, 1984, the town filed suit seeking a judicial declaration that it had acquired a prescriptive easement to the portions of the lots crossed by the road. Appellants counterclaimed, asking the town to vacate Division Street where it crossed their property. Throughout the litigation, the parties alluded to the alternative theories of adverse possession and common-law dedication in addition to the prescriptive easement theory. The district court held, after receiving briefs, that the town had acquired title by adverse possession and estopped appellants from asserting ownership. On appeal, this court held that the district court erred by deciding the case on briefs absent a motion for judgment or stipulation of facts. *Koontz v. Town of South Superior*, Wyo., 716 P.2d 358 (1986). On remand, the district court, following the filing of additional material, granted the town's motion for summary judgment. The property owners again appeal.

Appellants claim that summary judgment should not have been granted because of the presence of issues of material fact and because summary judgment is incorrect as a matter of law. Summary judgment is only appropriate on a dual finding that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *Hurst v. State*, Wyo., 698 P.2d 1130 (1985). A fact is material if it would establish or refute one of the essential elements of a cause of action or defense asserted by either party. *Schepps v. Howe*, Wyo., 665 P.2d 504 (1983). The party requesting summary judgment has the burden of showing there are no issues of material fact and that he is entitled to judgement as a matter of law. *Hyatt v. Big Horn School District No. 4,*

Wyo., 636 P.2d 525 (1981); *Schepps v. Howe*, supra. If the movant has adequately supported his motion for summary judgment, the opposing party must respond with competent evidence that there are genuine issues of material fact. *Schepps v. Howe*, supra; *Hyatt v. Big Horn School District No. 4*, supra. The record on appeal must be viewed in a light most favorable to the party opposing the motion, giving him all favorable inferences drawn from facts in the record. *Schepps v. Howe,* supra; *Sanders v. Lidle*, Wyo., 674 P.2d 1291 (1984). If summary judgment is sustainable on any legal ground appearing in the record, it must be sustained. *Hurst v. State*, supra.

## ADVERSE POSSESSION OR PRESCRIPTION BY A MUNICIPALITY

■ Appellants first contend that Wyoming municipalities lack authority to obtain private property for use as roadways through adverse possession or prescription. We have not heretofore directly addressed this question. In *Town of Glenrock v. Abadie*, 71 Wyo. 414, 259 P.2d 766 (1953), we implied that towns had the ability to acquire title to property through adverse possession. In *Amick v. Elwood*, 77 Wyo. 269, 314 P.2d 944 (1957), we suggested that a town can maintain a quiet title action and described the ability of a town council to purchase, receive or sell property by saying, "[t]he power granted is broad and comprehensive." *Id.* at 946. In *Barrett v. Town of Guernsey*, Wyo., 652 P.2d 395 (1982), we held that a previous quiet title action in which a city was allowed to obtain title by adverse possession was res judicata. *Town of the City of Newcastle v. Toomey*, 78 Wyo. 432, 329 P.2d 264, 76 A.L. R.2d 525 (1958), supports the premise that municipalities may acquire roadways by prescription. In all of these cases, we have suggested adverse possession or prescription as a legitimate method for a municipality to obtain title to real property. We now affirm that a municipality may, in appropriate circumstances, acquire real property by adverse possession or prescription.

It is generally held that a government body can acquire title to land by adverse possession. Annotation, Acquisition of Title to Land by Adverse Possession by State or Other Governmental Unit or Agency, 18 A.L.R.3d 678 (1968); 7 R. Powell and P. Rohan, Powell on Real Property § 1015 at 91–72 (1987). It is also generally held that the public may acquire a right to use land for highways by prescription. 4 H. Tiffany, Law of Real Property § 1211 (1975); 2 G. Thompson, Thompson on Real Property § 342 at 208–209 (1980). Appellants argue, however, that municipalities may only exercise those powers expressly granted them by statute or those which may be reasonably implied from statutes. *Whipps v. Town of Greybull*, 56 Wyo. 355, 109 P.2d 805, 146 A.L.R. 596 (1941). Appellants contend that because the legislature has expressly given municipalities the power to acquire property for roads and streets through eminent domain, § 1–26–801, W.S. 1977 (Cum.Supp.1987) and statutory dedication, §§ 34–12–101 to 34–12–115, W.S.1977, those two means are exclusive. We disagree.

It is well established that statutes providing means by which lands may be dedicated to public uses are not exclusive. *Graff v. City of Casper*, 73 Wyo. 486, 281 P.2d 685, 52 A.L.R.2d 254 (1955); 26 C.J.S., Dedication, § 3 (1956). With respect to the exclusivity of the eminent domain statutes, § 1–26–503, W.S.1977 (Cum.Supp.1987) provides:

"(a) Nothing in this act requires that the power of eminent domain be exercised to acquire property. Whether property necessary for public use is to be acquired by purchase, other means or by eminent domain is a decision left to the discretion of the person authorized to acquire the property.

"(b) Subject to any other statute relating to the acquisition of property, any person or public entity authorized to acquire property for a particular use by eminent domain may also acquire the property for the use by grant, purchase, lease, gift, devise, contract or other means."

We are aware of no statute which precludes a municipality from acquiring property through adverse possession or prescription, and we hold that municipalities may acquire property by those means.

## ADVERSE POSSESSION

In its complaint, appellee sought a judicial declaration that it had acquired an easement by prescription. Alternatively, appellee argued that it obtained an easement through common-law dedication. When addressing the prescriptive easement theory, the parties and the district court applied the legal principles regarding adverse possession. Ultimately, in its order entering summary judgment, the trial court concluded that appellee had "acquired title by adverse possession" in the disputed lands.

While the requirements for establishing a prescriptive easement are similar to those for adverse possession, there is a fundamental difference between the two doctrines:

"Adverse possession denotes title acquired by the manner of possession, while a prescriptive easement is a nonexclusive right acquired by the manner of use." 2 G. Thompson, Thompson on Real Property § 340 at 191 (1980).

"The chief distinction is that in adverse possession the claimant occupies or possesses the disseisee's land, whereas in prescription he makes some easement-like use of it. As with adverse possession, if the prescriptive acts continue for the period of the statute of limitations, the prescriber acquires rights that correspond to the nature of use. Possession being the right carried by an estate, adverse possession creates an estate. Use being the right carried by an easement, adverse use creates an easement." R. Cunningham, W. Stoebuck, D. Whitman, Law of Property § 8.7 at 451 (1984).

The record contains little mention of the distinction between the two doctrines. The distinction is important, however, in determining the extent of the property right acquired by appellee. While appellee's evidence demonstrates a manner of use consistent with the establishment of a prescriptive easement, appellee has not shown

that it adversely occupied or possessed the property. Thus, we cannot affirm the trial court's conclusion that appellee acquired fee title to the disputed property.

## PRESCRIPTION

 In order to acquire a prescriptive easement, the party asserting the existence of the easement carries the burden of proving adverse use, under color of title or claim of right, such as to put the owner of the servient estate on notice that an adverse right was being claimed. *Yeckel v. Connell,* Wyo., 508 P.2d 1200 (1973). The adverse use must also be continuous and uninterrupted for the prescriptive period, which, in Wyoming, is ten years. *Gregory v. Sanders,* Wyo., 635 P.2d 795 (1981); § 1-3-103, W.S.1977.

 Appellants contend that genuine issues of material fact precluded the trial court's conclusion that appellee had satisfied these elements. First, they claim that appellee's use of the property was permissive and therefore not adverse. Adverse or hostile use is "use inconsistent with the rights of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder." 7 R. Powell and P. Rohan, Powell on Real Property ¶ 1013[2] at 91–18 (1987). If use is permissive, no easement can be acquired by prescription. *Yeckel v. Connell,* supra. Public use of a road will be deemed permissive unless a public authority has assumed supervision or control of the road or has kept it in repair. *Board of County Commissioners of Sheridan County v. Patrick,* 18 Wyo. 130, 139, 104 P. 531, 532 (1909).

 The dissent interprets this holding "to mean that a public street can now be established merely by intermittently repairing or maintaining a private roadway *permissively used by the public* for the prescriptive period of time." (Emphasis added.) The premise of this statement is that the roadway was "permissively used by the public." It should be noted that this opinion does not change the rule which holds that a public roadway cannot be acquired by mere permissive public use. If the pri-

vate landowner establishes through competent evidence that the public's use is merely permissive, the question of supervision, control or maintenance is irrelevant. If the landowner fails to establish permissive use, he is still entitled to a presumption of permissive use *unless* the public authority establishes that it has assumed supervision or control of the road or has kept it in repair.

Appellants do not dispute appellee's assertion that the public has regularly used the disputed portion of Division Street since at least the 1950's. This use was inconsistent with the rights of the owner. In addition, the town established that it had maintained the road since 1952. This evidence effectively rebutted any possible presumption of permissive use. See *Board of County Commissioners of Sheridan County v. Patrick,* supra.

 The only evidence in the record which might indicate permissive use is contained in two affidavits filed by appellants. In one, appellants stated that they "permissibly allow[ed]" the property to be used as a roadway. We have held that such categorical assertions of ultimate facts without supporting evidence cannot defeat summary judgment. *Greenwood v. Wierdsma,* Wyo., 741 P.2d 1079 (1987); *Seamster v. Rumph,* Wyo., 698 P.2d 103 (1985). Appellants also rely on an affidavit of their predecessor in interest, John Kovach, who stated that "if the Town of Superior had in any way informed me of or expressed the intention to claim Lots 20 and 21 as its own, I would have denied use of that property as a roadway." Failure on the part of the owner to interrupt or object to the public use of the street for the statutorily prescribed period of time cannot be equated to permissive use. *Boulder Medical Arts, Inc. v. Waldron,* 31 Colo.App. 215, 500 P.2d 170 (1972). Neither of the affidavits demonstrates that permission was "asked or given." Because appellants provided no other evidence indicating permissive use, no genuine issue of material fact existed on the question of adverse use.

■ Appellants next contend that the town failed to establish continuous use. They claim that even if the public continuously used the road for the prescriptive period, the town cannot acquire the road unless it demonstrates that it continually maintained the road for the prescriptive period. This contention finds support in *Board of County Commissioners of Sheridan County v. Patrick*, supra.

For the sake of clarity, we should point out that a showing of maintenance by the town is necessary to prove a claim of right in the public, which is separate and distinct from the element of continuous public use. See *Board of County Commissioners of Sheridan County v. Patrick*, supra. Maintenance need not be constant. The extent of maintenance required is only as much as may be necessary to keep the road in substantial repair or to put it in condition for public travel. 39A C.J.S., Highways § 10 at 694–695 (1976). In support of its motion for summary judgment, appellee filed three affidavits which demonstrate that the county maintained Division Street for the town from 1952 to the mid 1960's, and the town has maintained the road since then. This evidence, which is undisputed, sufficiently establishes a claim of right in the public. Combined with the undisputed evidence of continuous use by the public, it establishes sufficient notice to the owners of the servient estate that an adverse right was being claimed.

■ In its complaint, appellee sought a prescriptive easement. To the extent that the district court granted it fee title under the theory of adverse possession, the court erred. On appeal, we may correct a judgment to conform to the pleadings. 5B C.J.S., Appeal and Error § 1877 (1958). We therefore modify the judgment to reflect that the town acquired a prescriptive easement in the disputed property.

Affirmed as modified.

CARDINE, J., delivered the opinion of the court.

URBIGKIT, J., filed an opinion concurring in part and dissenting in part.

MACY, J., filed a dissenting opinion in which URBIGKIT, J., joined.

URBIGKIT, Justice, concurring in part and dissenting in part.

I concur with the well-substantiated principle enunciated by the court that a governmental unit, as well as a private entity, can acquire interest in real estate by adverse possession, including prescriptive use for roadways. However, I differ in dissent as to whether the record in this case justifies the summary-judgment relief granted to the municipality as claimant.

It is recognized that with this second appeal, economics involving roadway rights have long since been exhausted in this litigation, and some end is of considerable interest to both the litigants and the judicial system. Unfortunately, the rule enunciated extends far beyond the mislocated dirt road in the coal-mining town of Superior which diagonally crossed two lots and isolated a third.

This court has now reversed its established rule on the burden of proof of adversity, and at the same time has reversed summary-judgment principles. Thus, this court has invoked a preliminary denomination of adverseness when a summary judgment is involved so that movant need not attack respondent's position with properly supported nonconclusory affidavits in order to engender a responsive requirement. It is in these reversals of established rules and principles in this modest case of major significance that I regretfully and respectfully dissent. It is not in the initial statement of either rule with which my difference arises, but rather in actual conversion or reversion of the principles when a case is applied to those summary-judgment facts.

Ira E. Koontz and Velma A. Koontz (landowner) are the record owners of Lots 20, 21, and 22, Block 12 of the Original Plat of the Town of South Superior (the town). The original plat showed Division Street to the south of Lot 22. However, for un-

known reasons, Division Street was routed across Lots 20 and 21 of the Koontz property. The town contends that the present passageway has been located over Lots 20 and 21 of what is now the Koontz property since at least 1952 and where the town contends it has been located since at least 1952 with continued use and maintenance. After unsuccessful negotiations to purchase Lots 20 and 21 from the Koontzes in 1981, the town located new sewer lines under the platted Division Street property rather than under the existing road. Since acquisition of their property, appellants have paid property taxes on the complete lots. As mislocated, the road essentially condemns the landowner's beneficial use of all three lots.

Appellants allege that no adverse claim to the presently located street exists, and further that no prima facie claim to a prescriptive easement demonstrating adversity was ever shown by the town. Thus, with the use not proven to be adverse, they contend the grant of summary judgment was improper. Conversely, the town claims title to the street by adverse possession or at least right to a continued use through a prescriptive easement in the public. Use was utilized to initially show adversity.

As to the burden of proof, the majority properly state the controlling rule in part: "In order to acquire a prescriptive easement, the party asserting the existence of the easement carries the burden of proving adverse use, under color of title or claim of right, such as to put the owner of the servient estate on notice that an adverse right was being claimed. *Yeckel v. Connell*, Wyo., 508 P.2d 1200 (1973)." Majority opinion at 1268. In addition, the cited case and the recited principle as stated in *Gregory v. Sanders*, Wyo., 635 P.2d 795 (1981) provide: "If the use is permissive, no easement can be acquired." *Yeckel v. Connell*, Wyo., 508 P.2d 1200, 1202 (1973).

The dispositive issue is application of the burden to prove adversity, either to claimant in its case, or lack of adversity to landowner in resistance. It is in applica-tion of this burden that the court reverses existent precedent.

The jurisdictions vary as to whether the claimant or landowner has the burden to prove permissive use. Annot., 170 A.L.R. 776, 789 (1947). The burden shifts, depending on who is entitled to the presumption. For example, if the claimant is entitled to a presumption of adverseness, then the landowner must prove permission was given; whereas if the landowner is entitled to a presumption of permissiveness, then the claimant must prove that the use was adverse.

Some courts simply place the burden on the landowner whenever the land is used for longer than the prescriptive period. *Taylor v. O'Connell*, 50 Idaho 259, 295 P. 247 (1931). However, some courts place the burden on the landowner only when the land is of a certain kind, such as cleared land close to or contiguous to a residence or barn, *Pasley v. Hainline*, 272 Ky. 404, 114 S.W.2d 472, 473 (1938), urban or improved land, *Carlson v. Craig*, 264 Wis. 632, 60 N.W.2d 395 (1953), or occupied land, *Cupp v. Light Gin Association*, 223 Ark. 565, 267 S.W.2d 516 (1954).

The weight of authority follows the view that the claimant has the burden of proof as to the adverse nature of the use. Annot., 170 A.L.R. 776, 790 (1947), and therefore the presumption is that the use was permissive. Wyoming in recent cases has clearly followed this latter view by imposing upon the claimant the burden to prove each element of the adverse right being claimed. *Caribou Four Corners, Inc. v. Chapple-Hawkes, Inc.*, Wyo., 643 P.2d 468, 471 (1982); *Shumway v. Tom Sanford, Inc.*, Wyo., 637 P.2d 666, 670 (1981); *Gregory v. Sanders*, supra, 635 P.2d at 800; *Gray v. Fitzhugh*, Wyo., 576 P.2d 88, 91 (1978); *Yeckel v. Connell*, supra, 508 P.2d at 1202.

Two exceptions to this general rule that shift the burden of proof to the landowner have arisen in Wyoming, the first being when there is a mistake as to a boundary, *City of Rock Springs v. Sturm*, 39 Wyo. 494, 273 P. 908 (1929), and the second when there has been a "long continued posses-

sion, coupled with complete dominion over the property and open and visible acts of ownership," without a clear showing to the contrary. *Meyer v. Ellis*, Wyo., 411 P.2d 338, 342–343 (1966). The instant case falls into neither exception in my opinion, since there was no mistake as to the boundary of the road nor any complete dominion exercised by the Town of Superior over the roadway. Granted the town did maintain the street; however, when it came time to lay the sewer lines, it did not do so under the present location of Division Street. Use of the platted location for town purpose, coupled with continued real estate tax payment by the landowner, could be found to show that complete dominion over the property was lacking.

Lacking a dominion-dominated decision, this court's opinion now affords a third exception to the general burden-of-proof rule:

"* * * Public use of a road will be deemed permissive unless a public authority has assumed supervision or control of the road *or* has kept it in repair. *Board of County Commissioners of Sheridan County v. Patrick*, 18 Wyo. 130, 139, 104 P. 531, 532 (1909)." (Emphasis added.) Majority opinion at 1268.

and

"* * * It should be noted that this opinion does not change the rule which holds that a public roadway cannot be acquired by mere permissive public use. If the private landowner establishes through competent evidence that the public's use is merely permissive, the question of supervision, control or maintenance is irrelevant. If the landowner fails to establish permissive use, he is still entitled to a presumption of permissive use *unless* the public authority establishes that it has assumed supervision or control of the road or has kept it in repair." Majority opinion at 1268.

While *use* may put the owner on notice of some claim, it does not necessarily create a presumptive fact of *intent to make hostile use* of the road as required by *Shumway v. Tom Sanford, Inc.*, supra. Further, this court has adopted the doctrine of neighborliness, *Kammerzell v. Anderson*, 69 Wyo. 252, 240 P.2d 893 (1952); *Shumway v. Tom Sanford, Inc.*, supra, and the action of prior owners in permitting the public to use the present location of Division Street could be described as merely "a friendly mutual convenience by acts of common neighborliness" by allowing public use of an accidentally mislocated road, in exchange for the maintenance that was provided. In my view, no reason was shown to shift the presumption, and appellee would still have the burden of proof that the use was not permissive. On this summary-judgment record, no evidence of adversity was presented by the town in its supporting affidavits for summary judgment, except use itself, which then raises the second concern as a consideration of summary judgment.[1]

Disregarding Gregory, where this court ignored all three possible exceptions in rewriting the facts, I do not accommodate to the institutional desirability of this third exception now created by the court, and particularly so in review of the convoluted history in further application or exception in *Board of County Commissioners of Sheridan County v. Patrick*, 18 Wyo. 130, 104 P. 531 (1909). In *Patrick* itself, the roadway was denied. See *Rocky Mountain Sheep Co. v. Board of County Commissioners of Carbon County*, 73 Wyo. 11, 269 P.2d 314 (1954); *Nixon v. Edwards*, 72 Wyo. 274, 264 P.2d 287 (1953); *Hatch Brothers Company v. Black*, 25 Wyo. 416, 171 P. 267 (1918). Furthermore, to reemphasize, *Patrick*, in criteria, was in the conjunctive, and as restated by this court, those criteria were in the alternative, and consequently that case as used is weak

---

1. This case cannot be differentiated from *Gregory v. Sanders*, supra, the case which was actually tried where the access route had been used for at least 70 years prior to judicial intervention, in which the court dispositively quoted the *Yeckel* rule for denial of the right to the prescriptive road easement. That significant case, invoking a long-continued historical access, use and availability, had some singular interest of this writer as counsel for the denied appellant. Consistency and stare decisis do now seem to have some attributable virtue.

precedent for any present majority conclusion.

The majority then affirm the grant of summary judgment because the two responsive affidavits speaking "to not granting permission if asked" were deemed conclusory by the court's analysis of substantive sufficiency of responsive affidavits. See summary judgment Stage 6 in *Cordova v. Gosar*, Wyo., 719 P.2d 625 (1986). However, it appears that Stage 3 of the summary-judgment analysis is where the focus should be made, because appellee had the burden to prove adverse use by sufficient substantial evidence as part of its case. *Meyer v. Ellis*, supra, 411 P.2d at 342. While appellee submitted affidavits concerning the maintenance of the right-of-way, the town never furnished any evidence that the use was not permissive. When the town did not establish a prima facie case for a prescriptive easement it failed to meet the Stage 3 inquiry of sufficiency of the affidavits to initially support its summary judgment. With initial failure of movant's affidavits, there remains no need to proceed to Stage 6 responsive affidavits, and summary judgment should therefore have been denied.

The significance of the subject of whether use or possession connotes adversity as a preliminary burden, invades the entire subject of adverse possession and prescription, whether involving fence lines, structure encroachment, or access routes. By its decision, as a practical result and inconsistent with well-defined precedent, the court has shifted the burden of proof of adversity. Furthermore, since the burden should have been on the claimant to prove the adverse use, summary-judgment criteria of evidence to sustain a prima facie case as a burden of movant was not met so that the responsive character of respondent's affidavits can properly be brought into issue. *Cordova v. Gosar*, supra.

I would reverse for trial, and deny present resolution on inconclusive affidavits.