Marvin COLEMAN and Rosalie Coleman, Husband and Wife, Appellants (Plaintiffs),

v.

William KEITH and Jo Keith, Husband and Wife, Appellees (Defendants).

No. 99–156.

Supreme Court of Wyoming.

May 16, 2000.

Rehearing Denied June 6, 2000.

Representing Appellants: Jeffrey C. Gosman, Casper, Wyoming.

Representing Appellees: Keith R. Nachbar, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Appellants, Marvin and Rosalie Coleman (Colemans), bring this appeal from the district court's decision granting summary judgment in favor of William and Jo Keith (Keiths) on the Colemans' claim for a prescriptive easement against the Keiths' property. Although the Colemans, and their predecessors in interest, used a road which crosses the Keiths' property for several years and made improvements to that road, the Colemans failed to present evidence to the district court rebutting the presumption that the use was permissive. The district court's decision properly applied *A.B. Cattle Co. v. Forgey Ranches, Inc.*, 943 P.2d 1184 (Wyo. 1997), to the undisputed facts of this case. Because the Colemans' use of the land was permissive, we affirm the order granting summary judgment in favor of the Keiths.

## ISSUES

The Colemans present this statement of the issues in their brief:

1. Were there material issues of fact that precluded entry of summary judgment against the Appellants?

2. Did the District Court err as a matter of law in granting summary judgment against the Appellants?

3. Did the District Court err as a matter of law in not granting summary judgment in favor of the Appellants?

The Keiths present only one issue for review:

Whether the trial court properly granted summary judgment to Keiths because there was no genuine issue of material fact and Colemans' use of the government

maintenance roadway was permissive as a matter of law.

## FACTS

The facts in this case are essentially undisputed. The challenge concerns the district court's application of the law to those facts. The Colemans filed affidavits, and the district court made the following findings based on an examination of the record in a light most favorable to the Colemans:

A. The [Colemans] reached their property by a road which crossed land now owned by the [Keiths]. The road that the [Colemans] used is within an easement owned by the federal government and operated and maintained by the Casper Alcova Irrigation District.

B. The [Colemans] never asked nor obtained permission from anyone, and were never denied permission to use the road by anyone.

C. The [Colemans] believed that they had the right to use the road.

D. The [Colemans] made some improvements on the road.

E. In the 1960's, the [Colemans] or their predecessors were asked by predecessors to the [Keiths] to refrain from traveling across an adjacent pasture, and instead asked to travel on the road within the ditch maintenance easement.

Other facts brought to the Court's attention in the Colemans' brief include the fact that their property is landlocked and all the predecessors in interest, of both the alleged servient and dominant estates, believed they acquired a right to use the ditch road when they bought the property, although no easement was ever recorded. The Colemans also relate their extensive use of the ditch and the many improvements they made to the road. The major improvements to the road began in 1985.

## DISCUSSION

The Colemans contend the improvements to the road negate the presumption of permissive use this Court applied in *A.B. Cattle Co. v. Forgey Ranches, Inc.*, 943 P.2d 1184 (Wyo.1997), because that case applied to an *"unimproved* road crossing the lands of his neighbor." Instead, the Colemans claim the presumption of adverse use—which arises out of the open, visible, continuous use of the land for a time period sufficient to acquire an easement by prescription—applies in this case. In addition, the Colemans contend that, even if the presumption of permissive use applies, their use of the road and the improvements they made to the road rebut that presumption.

■■■ "The determination of the facts which lead to either the presumption of adverse and hostile use or the presumption of permission [is] within the prerogative of the trial court." *A.B. Cattle Co.*, 943 P.2d at 1188. On review of a summary judgment, we consider the facts in a light most favorable to the non-movant. However, in this case, both parties agree that the material facts are not in dispute, and we concur with that assessment. Therefore, the matter becomes a question of the application of the law to those facts. We review the district court's decision on questions of law *de novo*.

■■■ The Colemans, in claiming a prescriptive easement, bear the burden of proving four elements:

1) Proof of adverse use;

2) Claim of right under color of title or claim of right;

3) Use of a kind as to put the owner of the subservient estate on notice of the claim; and

4) Use which is continuous and uninterrupted adverse use for at least ten years.

*A.B. Cattle Co.*, 943 P.2d at 1188 (citing *Prazma v. Kaehne*, 768 P.2d 586, 589 (Wyo. 1989)). This burden includes "establishing that his intention to make a hostile use of the road adverse to the interests of his neighbor was brought home to the neighbor in a clear and unequivocal way." *A.B. Cattle Co.*, 943 P.2d at 1188 (quoting *Weiss v. Pedersen*, 933 P.2d 495, 501 (Wyo.1997), which quoted *Shumway v. Tom Sanford, Inc.*, 637 P.2d 666, 670 (Wyo.1981)).

■■■ In Wyoming, the law requires a manifestation of hostile and adverse intent to use a road, even though it will likely result in

revocation of permission to use the road across the neighbor's land. *Id.* A person claiming a prescriptive easement may not rely on a presumption of adverse use or his subjective intent. *Id.* Rather, the use is presumed to have been with permission. *Id.* "To rebut this presumption the claimant must introduce evidence of the facts which demonstrate the manner in which the hostile and adverse nature of his use was brought home to the owner of the adjacent land." *Id.* Finally, the use must be inconsistent with the rights of the owner, such that the use would entitle the owner to a cause of action against the claimant, without permission asked or given. *A.B. Cattle Co.*, 943 P.2d at 1188 (citing *Koontz v. Town of Superior*, 746 P.2d 1264, 1268 (Wyo.1987)).

■ The Colemans do not dispute that they were never denied permission to use the easement. The predecessors in interest to the Keiths did not act to stop the Colemans from using the road, which supports a presumption of permissive use. *A.B. Cattle Co.*, 943 P.2d at 1189. In the 1960's, a predecessor in interest asked the Colemans to confine their travel to the easement, rather than continuing to use a short-cut which traveled across their pasture. The Colemans complied with that request. This recognition of the landowner's authority is evidence of permissive use. *Yeckel v. Connell*, 508 P.2d 1200, 1204–05 (Wyo.1973).

Finally, somewhat disingenuously, the Colemans' brief fails to mention or address the fact that the Federal government established a valid and enforceable easement for the Casper Alcova Irrigation District (District). The road was originally built, maintained, and used by the District to maintain and operate its irrigation ditch system. The Keiths' predecessors in interest had no right to eliminate the road within the easement, or to stop the Colemans from using the easement. That right belonged to the District. The Colemans' use and maintenance of this road within the existing easement in favor of the District was as much a benefit to the District as it was to the Colemans and did not manifest hostile and adverse intent. The Colemans rode the coattails of the District's pre-existing legal rights to use and maintain the road without bothering to establish any rights of their own.

In its decision letter, the district court determined the Colemans failed to provide evidence demonstrating hostile and adverse use of the easement. In fact, the record demonstrates that the Coleman's use of the easement was permissive. We agree. Therefore, we affirm the decision of the district court.