2005 WY 1

**POWDER RIVER RANCH, INC., Appellant (Intervenor/Defendant),**

v.

**Juaquin and Delores MICHELENA, Appellees (Plaintiffs).**

No. 04–83.

Supreme Court of Wyoming.

Jan. 7, 2005.

878

Representing Appellant: John M. Daly and Matthew R. Sorenson of Daly Law Associates, P.C., Gillette, Wyoming. Argument by Mr. Daly.

Representing Appellees: Charles R. Hart and Lynn M. Smith of Davis and Cannon, Sheridan, Wyoming. Argument by Mr. Hart.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and BROOKS, D.J.

KITE, Justice.

[¶1] Powder River Ranch, Inc. (PRR) appeals from the district court's order granting Juaquin and Delores Michelena (Michelenas) a prescriptive easement across its property. We agree with the district court's conclusion that the Michelenas fulfilled the difficult requirements for establishing a

prescriptive easement in Wyoming, and, consequently, we affirm its decision.

**ISSUES**

[¶2] PRR articulates its issue on appeal as follows:

A. Did the district court err in finding a prescriptive easement in favor of the plaintiff?

1. Did the court err in finding sufficient proof of adverse use by the plaintiffs?
   a. The Wyoming approach
   b. Other states approach
2. Did the district court err in finding the plaintiffs claimed the defendant's property under a claim of right or color of title?
3. Did the district court err in finding use of a kind as to put the owner of the subservient estate on notice [a] claim existed?
   a. The "Maycock incident"
   b. Installation of cattle guard
   c. Disagreement over placement of a chain on cattle guard
4. Did the district court err in finding continuous and uninterrupted use for ten years?

The Michelenas offer a more succinct statement of the issue:

Did the District Court err when it found that the use of the Kinney Divide Road by the Plaintiffs/Appellees was adverse, under claim of right, as opposed to permissive?

**FACTS**

[¶3] The Michelenas and PRR are longtime neighboring landowners in Johnson County. Lulu Wagoner's father purchased the Powder River Ranch in 1956, and Juaquin Michelena's father acquired their family ranch property in 1946 or 1947. Both ranches can be accessed by the Kinney Divide Road which was designated as Johnson County Road # 54 in 1890 and crosses Johnson and Campbell counties, as well as numerous private lands, including property owned by PRR, the Maycock family, and the Hayden family. The Powder River flows in a

northerly direction across the Michelenas' property. The Michelenas must either ford the Powder River or use the Kinney Divide Road to access the eastern part of their property by vehicle. In 1967, Johnson County abandoned the road, without reserving access rights for affected bordering landowners.

[¶ 4] Over the years, Wyoming weather conditions have often prevented the Michelenas from driving across the Powder River, requiring them, instead, to use the Kinney Divide Road to access the eastern part of their ranch. They have also directed their guests and invitees, including feed and fuel suppliers, hunters, and sheep shearers, to use the Kinney Divide Road. In order to facilitate their use of the Kinney Divide Road, the Michelenas have bladed and plowed the roadway and installed cattle guards on PRR property. The Michelenas did not request or receive permission from PRR to use or maintain the Kinney Divide Road.

[¶ 5] In 1976, the Maycocks placed a chain and padlock across the Kinney Divide Road where it crossed their property. The Maycocks provided a key to the Michelenas, but Mr. Michelena objected to the chain and cut it with bolt cutters in the presence of Billy Maycock and two other individuals. This altercation, which became known as the "Maycock incident," prompted a criminal action against Mr. Michelena, which was eventually dismissed. The Maycock incident was widely publicized in the region and Ms. Wagoner heard about the incident shortly after it occurred.

[¶ 6] PRR has attempted in several instances to limit traffic on the Kinney Divide Road where it crosses its property. In 1987, PRR filed with the Johnson County Clerk a document entitled "Notice to the Public Affidavit of Limited Access to Property". In November 2001, PRR constructed an earthen berm blocking the road on the boundary line between its property and the Hayden property. The Michelenas talked to Mr. Hayden, and he removed the berm. In January 2002, the Michelenas contacted Ms. Wagoner and asked her to sign, on behalf of PRR, a road easement document to formalize their access

rights. Ms. Wagoner refused to sign the document. Finally, in June 2002, PRR permanently blocked the road by installing guardrail posts across the roadway.

[¶ 7] The Michelenas filed a petition for establishment of a private road with the Board of County Commissioners for Johnson County. The commissioners denied the Michelenas' petition because the Kinney Divide Road did not intersect with a public road in Johnson County. The Michelenas then filed a complaint against the Johnson County Board of Commissioners, claiming that the county had improperly vacated County Road # 54. PRR intervened in the Michelenas' suit against the county, and the Michelenas amended their complaint to include a claim for a prescriptive easement for the portion of Kinney Divide Road that traverses PRR's property. The claims against the county were dismissed, and the district court held a bench trial on the Michelenas' prescriptive easement claim. The district court ruled in favor of the Michelenas, and PRR appealed.

## DISCUSSION

### A. Standard of Review

[¶ 8] This case was tried to the district court without a jury. Consequently, we apply our standard for reviewing a decision rendered by the district court following a bench trial:

"The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Harber v. Jensen,* 2004 WY 104, ¶ 7, 97 P.3d 57, ¶ 7 (Wyo.2004) *quoting, Life Care Centers*

*of America, Inc. v. Dexter,* 2003 WY 38, ¶ 7, 65 P.3d 385, ¶ 7 (Wyo.2003). Furthermore, in reviewing a trial court's findings of fact,

> "we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law."

*Id.* Of course, we review the district court's conclusions of law *de novo.* *Double Eagle Petroleum & Mining Corp. v. Questar Exploration & Production Co.,* 2003 WY 139, ¶ 6, 78 P.3d 679, ¶ 6 (Wyo.2003).

### B. *Prescriptive Easement*

[¶ 9] A party claiming an easement by prescription bears the burden of proving each of four elements: 1) proof of adverse use; 2) claim of right under title or claim of right; 3) use which puts the owner of the subservient estate on notice of his claim; and 4) continuous and uninterrupted adverse use for at least ten years. *Coleman v. Keith,* 6 P.3d 145, 147 (Wyo.2000); *A.B. Cattle Company v. Forgey Ranches, Inc.,* 943 P.2d 1184, 1188 (Wyo.1997). Claimants have a heavy burden to establish adverse use in Wyoming, as prescriptive easements are not favored.[1] *Prazma v. Kaehne,* 768 P.2d 586, 589 (Wyo.1989). *See also, Yeager v. Forbes,* 2003 WY 134, ¶ 34, 78 P.3d 241, ¶ 34 (Wyo. 2003). In fact, we generally presume that use of a private roadway by a neighbor is permissive. *Shumway v. Tom Sanford, Inc.,* 637 P.2d 666, 670 (Wyo.1981). "[N]eighborliness and accommodation to the needs of a neighbor are landmarks of our western lifestyle." *Id.*

[¶ 10] The presumption of permissive use is, however, rebuttable. *Yeager,* ¶ 35. "To rebut this presumption the claimant must introduce evidence of the facts which demonstrate the manner in which the hostile and adverse nature of his use was brought home to the owner of the adjacent land." *Id.* The claimant's use must be "inconsistent with the rights of the owner, such that the use would entitle the owner to a cause of action against the claimant, without permission asked or given." *Coleman,* 6 P.3d at 148. *See also, A.B. Cattle Co.,* 943 P.2d at 1188. Thus, Wyoming law "requires a manifestation of hostile and adverse intent to use a road, even though it will likely result in revocation of permission to use the road across the neighbor's land." *Coleman,* 6 P.3d at 147–48.

[¶ 11] The evidence pertaining to the first and third elements of the Michelenas' prescriptive easement claim—adverse use and notice—tends to overlap. In the interests of brevity and clarity, we will consider those elements together. The parties agree that there was no agreement, either verbal or written, between them concerning the Michelenas' use of the Kinney Divide Road. Consequently, we look to the parties' actions to determine whether the Michelenas' use was adverse or permissive and whether PRR had sufficient notice of the Michelenas' claim.

[¶ 12] The Michelenas have used the Kinney Divide Road consistently since at least 1964. They did not seek or obtain permission from PRR to cross its property. In addition, the Michelenas also directed their guests and invitees, including hunters, suppliers and sheep shearers, to use the road. After learning the county had abandoned the road, the Michelenas installed cattle guards on the Kinney Divide Road, without seeking permission from PRR. One cattle guard was located directly on property belonging to PRR, and the other was located on the boundary between PRR and the Hayden properties. Mr. Michelena testified as follows:

> Q. When did you become aware of the fact that the county road had been abandoned by Johnson County?
>
> A. 1974.
>
> Q. How did you become aware of that?
>
> A. When the cattleguards was put in through the Kinney Divide Road in ap-

---

1. PRR asks us to consider other states' law on prescriptive easements. Over the decades, this Court has developed a rich history of case law on prescriptive easements that is uniquely tailored to fit our way of life. We, therefore, decline PRR's invitation to stray from our precedent.

proximately 1958 and the Powder River Ranch properties, there was a cross fence that wasn't used at the time; and in later years they put—built that cross fence and put a gate in that road, which the gate was in a hill where if you stopped with a load or it was muddy, a little bit slick, you was done; you had to—so, my dad [went] to the County Commissioners, assuming that it was still a county road; and that's when they informed him the road had been abandoned.

. . .

Q. So did the county refuse to pay for a cattleguard?

A. Yes. They said they had abandoned it there, their maintenance of it.

Q. Did you put a cattleguard in the road?

A. Yes.

. . .

Q. Where did you put it, on whose land?

A. We put it on the Powder River Ranch land.

Q. Okay. Did you get permission from the Powder River Ranch to put it on their land?

A. No.

. . .

Q. Did you put any more cattleguards in the Kinney Divide Road?

A. There was an oil company—

Q. The answer is, yes, you did put—

A. Yes.

Q. Okay. And where did you put it?

A. Boundary line, fence line between the Powder River Ranch and the Hayden property.

[¶ 13] In addition to installing the cattle guards, the Michelenas routinely maintained the Kinney Divide Road, including the portion that traversed PRR property. The Michelenas plowed and bladed the roadway when necessary to facilitate travel. They did not seek or obtain permission to repair or maintain the road. Although not determinative, maintenance or repair of a road by a claimant, without permission, suggests that the use is adverse to the owner's interests.

See generally, *Koontz v. Superior,* 746 P.2d 1264, 1268 (Wyo.1987) (applying the elements for establishing a prescriptive easement to public use).

[¶ 14] The Michelenas also asserted their right to use the road when they cut the chain during the Maycock incident. PRR argues that the Maycock incident does not qualify as evidence that the Michelenas adversely used the road over their property because it took place on Maycock property. Under the circumstances presented here, we do not agree with PRR. Ms. Wagoner testified that in order to get to the Maycock property where the Maycock incident took place, the Michelenas had to cross PRR property. She also testified that she heard about the Maycock incident "at the time" it happened. Thus, the Maycock incident amounted to an assertion by the Michelenas that they had the right to use the entire Kinney Divide Road.

[¶ 15] Arguably, the most telling evidence that the Michelenas' use was adverse to PRR's interest is found in PRR's own affidavit. In 1987, Ms. Wagoner, as president of PRR, recorded with the Johnson County Clerk's office an affidavit entitled: "Notice to the Public Affidavit of Limited Access to Property". The affidavit recognized that certain governmental agencies had access rights to PRR lands and specifically stated that "[n]o other persons or agencies, including members of the public, have such rights of access." That document did not exempt or, in any way, suggest that the Michelenas had permission to use the Kinney Divide Road across PRR's property. Furthermore, Ms. Wagoner testified that she intended the affidavit to notify the public and Mr. Michelena, specifically, that the Kinney Divide Road across her property was her private road.

[¶ 16] The evidence in the record convinces us that PRR did not give the Michelenas permission to use the Kinney Divide Road across its property. The district court correctly concluded that the Michelenas accomplished the difficult task of proving adverse use in Wyoming. Furthermore, it is clear from the record that the Michelenas

sufficiently informed PRR of their adverse claim.

[¶ 17] We turn next to our consideration of whether the Michelenas had a claim of right to use the road. The element of claim of right is often described as "a claim of right under color of title or claim of right." *See e.g., A.B. Cattle Co.,* 943 P.2d at 1188; *Prazma,* 768 P.2d at 589. The Michelenas started using the Kinney Divide Road when it was a county road. In 1974, they discovered that the county had abandoned the road. Nevertheless, they continued to believe they had the right to use it. Mr. Michelena testified as follows:

Q. Did you think you had the right to use the road after the county abandoned it?

. . .

A. Yes.

Q. (By Mr. Hart) Why?

A. Because dad bought the place with it, with the county road legal easement in there. And we felt that that wasn't—we still had [a] legal easement, and we used it in that fashion.

Thus, the Michelenas clearly claimed a continued right to use the Kinney Divide Road, even after Johnson County abandoned it. The district court correctly found that, under these facts, the Michelenas had a "reasonable expectation of claim to perpetual use of the road."

[¶ 18] Finally, there is no question that the Michelenas' use of the roadway across PRR's property was continuous and uninterrupted for a period of at least ten years. In fact, PRR admits that the Michelenas have used the road consistently since at least 1964. In 1974, the Michelenas installed the cattle guards on the road after learning that the county had abandoned the road. The Michelenas and their guests and invitees continued to use the road until 2002, when PRR constructed a barrier to prevent their further use of the road. The district court correctly found that the Michelenas fulfilled the time requirement for establishment of a prescriptive easement.

[¶ 19] The Michelenas present one of those rare circumstances where the facts support a finding of a prescriptive easement. Affirmed.