2007 WY 133

**Walter R. KAWULOK and Helen C. Kawulok, husband and wife, Appellants (Plaintiffs),**

**v.**

**Roman J. LEGERSKI, Jr., Appellee (Defendant).**

**No. 06–281.**

Supreme Court of Wyoming.

Aug. 17, 2007.

Representing Appellants: Hayden F. Heaphy, Jr. and Alison A. Ochs of Davis & Cannon, Sheridan, Wyoming. Argument by Ms. Ochs.

Representing Appellee: Stuart S. Healy of Healy Law Firm, Sheridan, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] Walter R. Kawulok and Helen C. Kawulok appeal from the district court's order granting Roman J. Legerski, Jr., a prescriptive easement across their property. We conclude Mr. Legerski failed to present evidence to overcome the presumption that use of another's property is permissive as required to establish a prescriptive easement in Wyoming and, therefore, reverse the district court's order.

## ISSUES

[¶2] The Kawuloks raise the following issues in their appeal:

1. Did the trial court err as a matter of law in ruling that "continuous use and logical inferences regarding past [property] transfers" was a proper legal standard to overcome the legal presumption of permissive use of a prescriptive easement?

2. Is continuous use of a driveway, without evidence of adverse or hostile use, sufficient to establish a prescriptive easement?

3. In this prescriptive easement case, does Wyoming's Dead Man Statute, W.S. § 1–12–102, bar corroborated testimony that a deceased predecessor in title had asked for, and was granted, permission to use the Driveway?

4. Did the trial court improperly fail to consider, on hearsay grounds, Pat and David Wartensleben's requests for permission to use the Driveway?

Mr. Legerski does not present a statement of the issues.

## FACTS

[¶3] The Kawuloks and Mr. Legerski became neighboring landowners in Ranchester, Wyoming, in 2004, when Mr. Legerski purchased and occupied a parcel (the "Legerski Tract") that abutted unimproved land (the "Kawulok Tract") the Kawuloks had owned since 1985. The Kawuloks bought their land from Ralston and Roselie Straw, who previously also owned the Legerski Tract. The Straws transferred the Legerski Tract to Theodore and Ann Yaneshek at an undetermined time but no later than 1973. In 1973, the Yanesheks sold the Legerski Tract to Edwin O. "Pat" Wartensleben, who died in 1999. David Wartensleben inherited the parcel from his father and sold it to Mr. Legerski in 2004.

[¶4] The north side of the Legerski Tract fronts Halbert Street, and the bulk of the Kawulok Tract lies directly to the south of the Legerski Tract. The Kawulok Tract has access to Halbert Street via a 10–foot wide strip (the "Strip") that runs along the western boundary of the Legerski Tract. Edwin Wartensleben used the northern portion of the Strip as part of a driveway (the "Driveway") to access the Legerski Tract. The Driveway extended south from Halbert Street along the Strip for about 20 feet and then angled east onto the Legerski Tract to a detached garage in the southeastern quadrant of the property. Edwin Wartensleben continuously used the Driveway from the time he purchased the Legerski Tract in 1973 until 1985, when the Kawuloks purchased their parcel. The Kawuloks gave Edwin Wartensleben, with whom they were friendly, permission to continue to use the portion of the Driveway that crossed the Strip.

[¶5] However, the Kawuloks were not willing to grant use of the Strip to future owners of the Legerski Tract. In 2004, when the Kawuloks learned that David Wartensleben was planning to sell the Legerski Tract, they built a fence along the eastern edge of the Strip and across the Driveway, eliminating the Strip as a path of access from Halbert Street to the Legerski Tract. David Wartensleben expressed his dissatisfaction with the fence but did not pursue any particular claim. He accessed his garage by driving directly onto his property from Halbert Street. Meanwhile, a survey conducted as part of the sale of the Legerski Tract revealed that some of the other fences maintained by the Kawuloks extended into the Legerski Tract. After buying the parcel in 2004, Mr. Legerski attempted to use these intrusions to negotiate use of the Strip. The Kawuloks were unreceptive to Mr. Legerski's advances and, in 2006, filed a claim to quiet title by adverse possession to the portions of the Legerski Tract enclosed by their fencing.

Mr. Legerski, in the counterclaim that is the subject of this appeal, sought to quiet title to a prescriptive easement over the portion of the Strip crossed by the Driveway. After filing the counterclaim, Mr. Legerski constructed a new driveway immediately east of the Strip and entirely on the Legerski Tract.

[¶ 6] Mr. Legerski's prescriptive easement claim relied on Edwin Wartensleben's use of the parcel. Mr. Legerski asserted that Mr. Wartensleben had used the northern portion of the Strip for more than 10 years in a manner that was open, notorious and continuous as well as hostile to the legal title of the Kawuloks' predecessors in interest, the Straws. The Kawuloks responded that no prescriptive easement had been established because Mr. Wartensleben's use was permissive and hence lacked the essential element of hostility. The Kawuloks argued that in Wyoming use of a neighbor's road is presumed permissive, and asserted that Mr. Legerski failed to provide the evidence of hostile use necessary to overcome this presumption.

[¶ 7] After a bench trial, the district court found the presumption of permissiveness was overcome by logical inferences and Edwin Wartensleben's continuous use. The court noted that it was reasonable to infer the Straws always intended the owners of the Legerski Tract to be able to use the northern portion of the Strip as a driveway. The court concluded that the prescriptive easement vested prior to 1985, and ruled in favor of Mr. Legerski. The Kawuloks appealed.

## DISCUSSION

### A. Standard of Review

[¶ 8] Because this case was tried without a jury, the district court judge acted as the finder of fact and law. Factual determinations by a judge are entitled to less deference than those of a jury:

> While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence.

Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Harber v. Jensen*, 2004 WY 104, ¶ 7, 97 P.3d 57, 60 (Wyo.2004). Further, we do not set aside findings merely because we would have reached a different result. *Id.* We assume the evidence of the prevailing party is true and give that party the benefit of every reasonable inference that can be fairly and reasonably drawn from the evidence. *Id.*

[¶ 9] We review legal determinations *de novo* and grant them no deference. *Id.*, ¶ 8, 97 P.3d at 60.

### B. Prescriptive Easement

[¶ 10] The party claiming a prescriptive easement must prove each of four elements: 1) adverse use; 2) claim of right under title or claim of right; 3) use which puts the owner of the subservient estate on notice of his claim; and 4) continuous and uninterrupted adverse use for at least ten years. *Powder River Ranch, Inc. v. Michelena*, 2005 WY 1, ¶ 9, 103 P.3d 876, 880 (Wyo.2005). "Claimants have a heavy burden to establish adverse use in Wyoming, as prescriptive easements are not favored." *Id.* We presume the use of a private roadway by a neighbor is permissive. *Id.* " 'Neighborliness and accommodation to the needs of a neighbor are landmarks of our western lifestyle.' " *Id.*, quoting *Shumway v. Tom Sanford, Inc.*, 637 P.2d 666, 670 (Wyo.1981). To rebut this presumption of permissive use, the claimant's use must be " 'inconsistent with the rights of the owner, such that the use would entitle the owner to a cause of action against the claimant, without permission asked or given.' " *Id.*, ¶ 10, 103 P.3d at 880, quoting *Coleman v. Keith*, 6 P.3d 145, 148 (Wyo.2000). The claimant must produce evidence that shows how the owner of the servient estate was made aware of the hostile nature of the claimant's use of the estate. *Id.*

[¶ 11] Mr. Legerski failed to overcome the presumption of permissive use, making it unnecessary to review his claim in light of each of the elements. In fact, Mr. Legerski produced no evidence to rebut the presumption of permissiveness for the period from 1973 to 1985, the only period relevant to the district court's ruling. It was during this period, according to the district court, that a prior owner of the Legerski Tract, Edwin Wartensleben, met the elements necessary to establish a prescriptive easement. The district court ruled that the presumption of permissive use was overcome by Mr. Wartensleben's "continuous use and logical inferences regarding past transfers." The order provided no description of the "logical inferences from past transfers." Apparently, the district court concluded that because the Kawuloks' predecessors sold the Legerski Tract to Mr. Wartensleben, they must have intended that the latter could use the Strip for access. However, such an inference fails to establish hostile use and, in fact, implies just the opposite, permissive use. While the trial record does support a finding that Edwin Wartensleben continuously used the northern portion of the Strip during these years, it contains no evidence that such use was hostile or that the owners of the Strip at the time, the Straws, were given any notice of a hostile intent. Therefore, the presumption of permissiveness stands, and the district court erred in concluding that Edwin Wartensleben established, and Mr. Legerski succeeded to, a prescriptive easement on the Kawulok Tract.

### C. Implied Easement

[¶ 12] Mr. Legerski did not assert the creation of an implied easement over the Strip during the trial or in his pleadings. While it is not completely clear in the order, some of the language utilized by the district court suggests that the doctrine of implied easement played a role in the court's ruling. Although this Court generally does not consider issues not properly presented at trial, *Boyle v. Boyle*, 2006 WY 124, ¶ 18, 143 P.3d 368, 373 (Wyo.2006), we have, in some instances, considered an issue not raised by the parties at trial if that issue was addressed and relied upon by the district court. *Cotton v. State*, 2005 WY 115, ¶ 14, 119 P.3d 931, 934 (Wyo.2005). On that basis, we will consider the issue of implied easement in this case.

[¶ 13] "Under certain circumstances, Wyoming will recognize an implied easement across another person's property. *In re Estate of Shirran*, 987 P.2d 140, 142 (Wyo.1999) (citing *Beaudoin v. Kibbie*, 905 P.2d 939, 941–42 (Wyo.1995); *Corbett v. Whitney*, 603 P.2d 1291, 1293 (Wyo.1979)). The elements which must be satisfied in order to establish an implied easement are: (1) common ownership followed by a conveyance separating the unified ownership; (2) before severance, the common owner used part of the property for the benefit of the other part, a use that was apparent, obvious, and continuous; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel previously benefited." *Hansuld v. Lariat Diesel Corp.*, 2003 WY 165, ¶ 15, 81 P.3d 215, 218 (Wyo.2003), quoting *Beaudoin v. Kibbie*, 905 P.2d 939, 941 (Wyo.1995).

[¶ 14] Mr. Legerski falls short of establishing two of the factors necessary for an implied easement. There is no evidence in the record that the common owners, the Straws, used the northern portion of the Strip for the benefit of the Legerski Tract. Also, Mr. Legerski presented no evidence indicating use of the Strip is necessary for the beneficial use of his property. By building a driveway directly to the east of the Strip that allows him access to his garage, Mr. Legerski demonstrated that use of the Strip is not necessary for the beneficial use of his land. The only factor Mr. Legerski established is both tracts were once owned by the Straws, and they are no longer commonly held. By not meeting two of the three elements that create an implied easement, Mr. Legerski's claim fails.

### D. Evidentiary Issues

[¶ 15] Wyoming's Dead Man's Statute, Wyo. Stat. Ann. § 1–12–102 (LexisNexis 2007),[1] was an issue at trial because the

1. Section 1–12–102 states:

In an action or suit by or against a person

Kawuloks sought to introduce evidence concerning a conversation with Edwin Wartensleben, who was deceased at the time of trial. The evidence allegedly would have established that Mr. Wartensleben had asked the Kawuloks for permission to use the portion of the Driveway that crosses the Strip. In addition, the Kawuloks offered evidence of Edwin and David Wartenslebens' requests for permission to use the driveway. The district court refused admission of the Kawuloks' proposed evidence and they challenge those rulings on appeal.

[¶ 16] Because we conclude that Mr. Legerski failed to offer any evidence to rebut the presumption that Edwin Wartensleben's use of the driveway from 1973 through 1985 was permissive, we need not consider whether the Kawuloks' proposed evidence was admissible. Moreover, the Wartenslebens' requests for permission to use the driveway allegedly took place after the district court ruled Mr. Legerski's prescriptive easement had vested and were not, therefore, relevant to the district court's ruling.

[¶ 17]   Reversed.

who from any cause is incapable of testifying, or by or against a trustee, executor, administrator, heir or other representative of the person incapable of testifying, no judgment or decree founded on uncorroborated testimony shall be rendered in favor of a party whose interests are adverse to the person incapable of testifying or his trustee, executor, administrator, heir or other representative. In any such action or suit, if the adverse party testifies, all entries, memorandum and declarations by the party incapable of testifying made while he was capable, relevant to the matter in issue, may be received in evidence.